uted more to the support of his children than he did."

■ We do not think that the evidence in the instant case shows that the accused was financially able to support his children beyond the contributions that he did make. We are mindful of the moral obligation of a parent to support his children. This obligation makes it difficult to accord to a father charged with refusing to support his children the rights given to him by the law, and yet when the father is prosecuted by the state it is for a violation of the written law and not for a violation of the moral obligation or duty to support his children.

Finding the evidence insufficient to support the verdict the judgment is reversed and the cause is remanded.

WOODLEY, Presiding Judge (concurring).

The complaint was filed 43 days after appellant and his wife separated. The second child alleged to have been neglected is not mentioned or referred to in any way in the statement of facts. There is no evidence to support a finding that appellant was financially able to contribute more than the $45 he did contribute to the support of his two year old child Jamie Lee Adams.

The state relies upon that portion of Art. 605 P.C. which provides: "Proof of the desertion of such wife, child or children in destitute or necessitous circumstances or of neglect or refusal to provide for the support and maintenance of such wife, child or children shall be prima facie evidence that such desertion, neglect, or refusal is willful."

Where the state proves that the wife, child or children were in destitute or necessitous circumstances, and that the defendant parent deserted or neglected or refused to provide any means for their support and maintenance, the prima facie evidence rule found in Art. 605 P.C. applies and relieves the state of the necessity of further proof that such desertion, neglect or refusal to provide was wilful (such as by proof of the defendant's financial resources or earnings).

Such prima facie evidence rule does not apply however where, as here, the evidence shows that the defendant parent, charged with wilfully failing to contribute to the support of his child under 18 years of age, did contribute to the support of such child, and the prosecution is upon the theory that he was able to and should have contributed more than he did.

**Ex parte Donald NEWCOMB.**

No. 35004.

Court of Criminal Appeals of Texas.

Nov. 14, 1962.

No attorney of record on appeal for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

This is an appeal from an order entered in a habeas corpus proceeding remanding the appellant to custody for extradition to the State of Florida.

The state offered in evidence the Governor's Warrant; the requisition of the Governor of Florida and the documents supporting such requisition. It was stipulated that the appellant herein was the person named in the Governor's Warrant. No evidence was offered in appellant's behalf.

The proceedings appear regular and the trial court did not err in remanding appellant to custody for extradition.

The judgment is affirmed.